GROSS, J.,
dissenting.
The majority has stretched case law to reverse in a situation where reversal is not justified.
The defendant shot his girlfriend with a handgun from close range. The strongest theory of the defense was that the defendant was guilty of manslaughter and not premeditated murder.
During the first part of his closing statement, the prosecutor argued for a verdict of first degree murder and discussed how the evidence did not support a finding of excusable homicide, manslaughter, or second degree murder. He argued that the evidence proved the three crimes charged — first degree murder, false imprisonment, and carrying a concealed weapon.
The defense closing focused on the evidence and strenuously argued that the defendant did not consciously reflect upon the shooting.
The state’s rebuttal focused on the many details in the evidence that pointed to premeditation.
This is a proper thematic structure for a closing argument. The prosecutor said the defendant was guilty, the defendant argued that he was guilty of a lesser charge, and the prosecutor rebutted by contending that the evidence supported the conclusion that the defendant was guilty of the most serious crime charged in the information.
*1152 This case is unlike Heddendorf v. Joyce, 178 So.2d 126 (Fla. 2d DCA 1965), where the plaintiff did not discuss damages in his opening argument, leaving the precise mathematical computation of damages for rebuttal. In this circumstance, the defense was left without the ability to respond to the damages issue. Here, both sides had the chance to address the main issue in the case — whether there was sufficient premeditation to support the charge of first degree murder, or whether a lesser included offense was the more appropriate verdict. Although the prosecutor extensively went into the facts on rebuttal with his Power Point presentation, his argument did not “take new ground ... state new points of law, or ... read new authorities in support” of his case. Id. at 130 (quoting Thompson, Trials (2d ed. 1912)). As the trial judge recognized, the defense had the opportunity to “attack [] every angle” of the state’s case during its argument. The defense attorney had the “opportunity not only to advance the theories and reasoning which favor his client, but also to rebut the argument of plaintiffs counsel.” Heddendorf, 178 So.2d at 129.
The majority bootstraps its misapplication of Hed,dend,oif by stating that the prosecutor argued that witnesses who did not testify would corroborate the state’s case. This characterization overstates what happened. A witness who did not testify at trial was listed along with two testifying witnesses on a Power Point slide. After the defense objected, the trial judge instructed the jurors to rely upon the testimony presented in court. The other two witnesses listed on the slide gave detailed accounts of the shooting. The prosecutor did not argue that the non-testifying witness would have corroborated the state’s case.